UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States of America, by and through its attorneys, Daniel D. Rosen, United States Attorney for the District of Minnesota, and Special Assistant United States Attorney Michael Hakes-Rodriguez, hereby moves the Court for an order protecting the distribution of sensitive discovery materials, to include names of witnesses and other personally identifying information ("PII"), to third parties pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

In support of its motion, the United States alleges and states the following

Background

1. On January 20, 2026, defendant was approached for questioning by Border Patrol Agents in the course of their official duties. It is expected the agents would testify that upon their approach, defendant fled in his car, committing several dangerous traffic violations, including failing to yield to stop signs and driving on the wrong side of the road. Agents placed their car in front of defendant's path to stop his vehicle; defendant used his car to strike the agent's vehicle and continued to flee. The agents eventually caught up to defendant and again placed their car in front

of his, however this time defendant crashed into the side of the agent's car, causing significant damage. Defendant was then placed under arrest. These agents are victims and witnesses in the government's case.

2. The United States has provided certain discovery materials in its possession via electronic transmission to defense counsel and will make additional discovery available as necessary. However, the government's disclosures contain sensitive information to include names of key government victim-witnesses and potentially other PII and sensitive information of other individuals.

Argument and Request

3. The government is cognizant of its duty to protect the PII of victims and witnesses. Under to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), a crime victim has the right "to be treated with fairness and respect for the victim's dignity and privacy." Additionally, the government understands its role in providing required discovery to defendant for proper preparation of his defense. Complete redaction of many items would impede that preparation.

4. The practice of doxxing, which involves gathering and maliciously releasing an individual's PII represents a critical safety concern for federal law enforcement. Both the Department of Homeland Security (DHS) and the Department of Justice (DOJ) have documented a substantial increase in targeted threats and doxxing incidents against federal agents. These threats are inherently serious and potentially life threatening. Given the recent escalation of violence against federal officers, disclosing the identities of the agents involved in this matter to any

unauthorized third party creates a heightened risk to the lives of the agents as victim-witnesses and their families. Furthermore, such disclosure could result in the unlawful intimidation of key government witnesses and obstruction of justice. The credible threat of doxxing, and the threat of violence which accompanies it, has the potential to silence victims of assault in this case and future ones. For these reasons, it is essential to the interests of justice that witnesses are protected from doxxing.

5. Therefore, the government respectfully requests this Court enter a Protective Order limiting the dissemination of "Protected Material" by the defense, that is, any material disclosed by the United States in connection with the above-captioned case containing:

   a. the identities of victims and witnesses, and the identity of any new victims or witnesses who may be identified;

   b. the PII of any victim or witness in this case, including, but not limited to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth; and

   c. medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

6. It is further requested that the Protective Order state:

   a. Protected Material shall be held in strict confidentiality by defendant. MOHAMED ABDIRIZAK JAMA and their defense counsel and may be used only for purposes of this litigation;

   b. Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to MOHAMED ABDIRIZAK JAMA in this action (co-counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff), but that under no circumstances will copies be provided directly to MOHAMED ABDIRIZAK JAMA and left with defendant;

   c. All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

   d. Defense counsel may advise MOHAMED ABDIRIZAK JAMA of the contents of the Protected Material and review the Protected Material with defendant without providing unredacted copies or allowing the copying or retention of any Protected Material, subject to the condition that defendant has read the Protective Order and that defendant understands and agrees to be bound by its terms;

e. If defense counsel brings the Protected Material to any detention facility or wherever MOHAMED ABDIRIZAK JAMA may be located during the pendency of these proceedings, the Protected Material must remain in defense counsel's possession and control at all times and may not be left with MOHAMED ABDIRIZAK JAMA, but must be removed by defense counsel upon leaving the facility or location;

f. Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the government within thirty (30) days of the conclusion of this litigation with the exception of one copy of discovery which may be retained by counsel in their file, and which will remain subject to the Protective Order; and

g. Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated: February 20, 2026

Respectfully Submitted,

Daniel D. Rosen
United States Attorney

*s/ Michael Hakes-Rodriguez*___
BY: Michael Hakes-Rodriguez
Special Assistant United States Attorney