IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (MJD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMED ABDIRIZAK JAMA,<br><br>Defendant. | **DEFENDANT'S RESPONSE TO THE UNITED STATES'S MOTION FOR A PROTECTIVE ORDER** |

## INTRODUCTION

The Court should deny the United States's unjustified request for a protective order that would prevent the Defendant from reviewing unredacted discovery or maintaining a copy, and that would impose unnecessary sealing and redaction burdens on the defense by precluding the publication of law enforcement agents' names. The United States has failed to identify any specific "good cause" for the protective order under Rule 16(d). The government effectively argues that Customs and Border Patrol agents' identities *may never be disclosed in any case*, regardless of the circumstances, because some unspecified agents have previously been subjected to doxxing. The United States does not cite a single case or other legal authority that supports their request – much less any case that supports a blanket protective order in the misdemeanor prosecution of a defendant with no criminal history. The Court

should deny the motion because the United States has not come close to meeting its burden.

## ARGUMENT

**I.   Federal Rule 16(d)(1) Requires the Government to Demonstrate Good Cause.**

The Court may enter a protective order that restricts the use of discovery upon a showing of good cause by the moving party. Fed. R. Crim. P. 16(d)(1); *United States v. Ladeaux*, 61 F.4th 582, 586 (8th Cir. 2023) ("When the Government is seeking a protective order, it bears the burden of showing that good cause exists for its issuance.") (quoting *United States v. Dixon*, 355 F. Supp. 3d 1 (D.D.C. 2019)).

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007). "The injury must be shown with specificity. *Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing*." *Id.* (emphasis added).

"Good cause requires a particularized, specific showing. But the level of particularity required depends on the nature and type of protective order at issue." *Dixon*, 355 F. Supp. 3d at 4. The *Dixon* Court explained that the types of factors that bear on good cause vary based on the charged offense, the defendant's criminal history, and the scope of protective order the government requests:

> In weighing the victim's and witnesses' need for a protective order against any prejudice to the Defendant or harm to the public that the

order may cause, the Court considers two factors—the nature and circumstances of the alleged crime and the Defendant's criminal history. Considering the type of crime charged helps assess the possible threats to the safety and privacy of the victim. Defendants accused of securities fraud or shoplifting, for instance, may not pose as great a danger to victims as those charged with crimes of violence. *Similarly, there may be greater privacy concerns when a defendant is alleged to have committed identity theft or counterfeiting.*

Reviewing the defendant's criminal history can provide useful information as well. A long record of convictions for violent crimes may suggest a substantial danger to the safety of others. Similarly, a history of failures to follow court orders may justify a more restrictive protective order. By contrast, *a first-time offender may be less likely to target his victim or the witnesses to his alleged crime.*

*Id.* at *4-*5 (emphasis added) (granting a protective order limiting access to identifying information where the defendant was "alleged to have used personally identifying information—a delivery driver's cellphone number—to rob an innocent person at gunpoint.")

## II. The Government Has Failed to Demonstrate Good Cause for its Requested Blanket Protective Order.

The Defendant is charged with a misdemeanor offense and has no criminal history. As a result, the United States did not seek detention at his initial appearance (on the previously filed felony Complaint). (ECF No. 7.) There is no basis to believe the Defendant has any proclivity for misusing individuals' personal information, making threats, or otherwise intimidating witnesses or alleged victims.

Rather than specifying any concerns about the Defendant, the government instead focuses its motion on generalized fears that other identified members of the

3

public have engaged in "doxxing" by maliciously publicizing the names and personal identifying information of unspecified Border Patrol agents. But such generalized claims of harm that have no connection to the Defendant or this case cannot support a protective order, much less a blanket protective order covering all discovery without regard to its contents. *See United States v. Sikes,* No. 4:15CR3128, 2016 WL 6495500, at *3 (D. Neb. Nov. 2, 2016) ("the court will not enter a 'blanket' protective order applying the terms to all documents in this case…[the parties must provide] factual support for a finding of "good cause" with respect to documents to be protected under the terms of the proposed protective order.")

Further, the mere publication of Border Patrol agents' names as part of a court proceeding, without proof of any malicious or dangerous intent, does not constitute a crime. And the United States has not even attempted to substantiate why the publication of law enforcement names is allegedly dangerous. Indeed, the United States routinely publicizes law enforcement names, Defendants' names, and the names of DOJ attorneys in DOJ press releases and government social media posts.[1] It plainly would not do so if the mere publication of individuals' names was inherently dangerous. There is no basis to suggest that the defense's publication of

---

[1] *See, e.g.* DOJ Press Release, "Sixteen Defendants Charged with Violently Assaulting Federal Officers and Property," Jan. 29, 2026, available at https://www.justice.gov/usao-mn/pr/sixteen-defendants-charged-violently-assaulting-federal-officers-and-property

law enforcement names in connection with the litigation of this case would pose any greater danger than the government causes by widely publicizing its prosecutions.

To be sure, nothing in the discovery produced to date discloses any law enforcement officer's personal contact information, personal addresses, or other personal identifying information. The reports disclosed so far do not reference any training or background information, criminal or disciplinary histories, or even the badge numbers of any of the Border Patrol officers. Thus, the United States's alleged concerns about doxxing have no connection to the discovery it has actually disclosed.

Thus, the United States has not identified any logical basis to believe that the Defendant would intentionally threaten, endanger, or improperly contact any of the agents or witnesses in this case. On this record, the Court should not burden the defense by limiting the Defendant's access to discovery and preventing the publication of law enforcement names. The United States has failed to provide any coherent basis for its requested protective order based on the specific facts and circumstances of this case, and its facially deficient motion should be denied.

Dated:  February 23, 2026     **GREENE ESPEL PLLP**

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
ssaxena@greeneespel.com
(612) 373-0830

Attorneys for Defendant