IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (MJD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION TO DISMISS THE INFORMATION FOR FAILURE TO STATE AN OFFENSE, OR ALTERNATIVELY, FOR A BILL OF PARTICULARS** |
| MOHAMED ABDIRIZAK JAMA, | |
| Defendant. | |

## I.   The Court Should Dismiss the Information for Failure to State an Offense.

The Court should dismiss the Misdemeanor Information because it does nothing but paraphrase the language of the charging statute (18 U.S.C. § 111), reference an alleged date of the offense, and state the Defendant's name. (ECF No. 18.) It does not identify any conduct by the Defendant that is alleged to constitute a crime. While a charging document that merely cites the charging statute may be sufficient in some cases, it is not here. The United States has failed to identify which method of violating the statute is at issue (i.e. assault, resist, oppose, impede, or intimidate), and it has further failed to explain how the Defendant allegedly committed the charged offense.

A charging document must "fairly inform[] the defendant of the charges against which he [or she] must defend, and allege[] information to allow a defendant

to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

But the Misdemeanor Information here does not provide sufficient information to identify which particular conduct the Defendant engaged in that violated any particular aspect of the charging statute. As such, there is a significant risk that the Defendant could not plead a bar to a subsequent prosecution. A subsequent Court could not be sure whether a subsequent prosecution was based on precisely the same conduct alleged in this case, or on different conduct that occurred on the same day.

As disclosed in the limited discovery received by the defense to date, Border Patrol officers allege that the Defendant supposedly fled after they announced themselves as law enforcement.  They then unjustifiably pursued the Defendant in their unmarked vehicles (without lights or sirens), rammed his vehicle, and boxed him in. But the Information does not identify which of those events is the focus of the charge, nor does it pinpoint when the Border Patrol agents were allegedly acting within the scope of their official duties.

The charge could focus on the Defendants' alleged flight, the car crash, or some other unspecified conduct that occurred after the Border Patrol officers held the defendant at gunpoint and pushed him to the ground while he held his hands up. The charge could focus on something that occurred while the agents transported

2

the Defendant from St. Cloud to the Whipple Federal Building after they arrested him. Or it could focuse on something that happened while the agents detained the Defendant for hours at Whipple, and then released him without charging him with any offense. Because the Misdemeanor Information does not specify a basis for the offense, the Defendant could not successfully plead an acquittal on this charge as a bar to subsequent prosecution based on his numerous interactions with DHS or Border Patrol agents on the day referenced in the Information. The Court should, therefore, dismiss the Information.

**II.     The Court Could Alternatively Order a Bill of Particulars.**

The Court could alternatively order the United States to file a Bill of Particulars. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002).

As stated above, the Defendant currently cannot be sure he could plead an acquittal as a bar to a subsequent or reframed prosecution by the United States under 18 U.S.C. § 111, 18 U.S.C. § 372, or another statute because the United States has not even attempted to identify what particular conduct they claim violated the statute or when the officers were allegedly engaged in the performance of their

official duties. For the same reasons, there is a significant risk that the Defendant cannot adequately prepare for trial and would be unfairly surprised by the theory of prosecution the United States ultimately presents in its case-in-chief.

**DORSEY & WHITNEY LLP**

Dated:  March 6, 2026

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

Attorneys for Defendant

4