IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-mj-53 (MJD/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDIRIZAK JAMA,

Defendant.

**DEFENDANTS' MOTION TO SUPPRESS STOP AND ARREST AND REQUESTING AN EVIDENTIARY HEARING**

## I. Border Patrol Agents' Did Not Have Reasonable Suspicion to Conduct a *Terry* Stop of the Defendant.

To initiate a stop, a DHS or Border Patrol officer must have a reasonable suspicion, based on specific articulable facts that the person being stopped is or attempted to be engaged in an offense against the United States that the officer has the authority to arrest for, or illegally in the United States. *United States v. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975); 8 C.F.R. § 287.8(b).

Although Border Patrol officers may base their suspicion to conduct a stop in part based on information that the registered owner of the vehicle is unlawfully in the United States, a stop is not justified if "the presence of additional facts might dispel reasonable suspicion," such as a noticeable difference in physical appearance between the driver of the vehicle and the registered owner. *Kansas v. Glover*, 589 U.S. 376, 386 (2020) (reasonable suspicion is dispelled, for example, "if an officer

knows that the registered owner of the vehicle is in his mid-sixties but observes that the driver is in her mid-twenties.")

The Defendant submits that the United States will not be able to provide credible evidence at the motions hearing demonstrating that the Border Patrol agents attempted to conduct a *Terry* stop of the Defendant after allegedly confusing him for the registered owner of the vehicle. The government will also not be able to prove that officers clearly and obviously announced that they were law enforcement and told the Defendant to stop.

The Border Patrol officers failed to record or document their interaction with the Defendant in the parking lot. They apparently failed to document any of the database information they reviewed regarding the vehicle the defendant was driving, the registered owner or his driver's license information, or the details they reviewed in the CIS database. But despite this lack of any corroboration, the Border Patrol officers all provided the same story in the interviews they later gave to DHS – they all supposedly confused the Defendant for a man he looks nothing like.

The Defendant would not have been pursued and would not have been arrested if the Border Patrol officers had not first conducted a baseless *Terry* stop. The Court should hold an evidentiary hearing to develop the United States' evidence on this issue and allow the parties to brief the matter after a full factual record is developed.

## II. Border Patrol Agents Did Not Have Probable Cause to Arrest the Defendant.

Warrantless arrests must be supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Here, Border Patrol officers unjustifiably conducted a warrantless arrest of the Defendant – a U.S. Citizen – for allegedly violating 18 U.S.C. § 111 without probable cause that he had committed any offense and outside the scope of their limited authority under federal law.

At an evidentiary hearing, the facts show that Border Patrol officers unjustifiably attempted a *Terry* stop and then engaged in an unauthorized pursuit of the Defendants' vehicle in violation of federal statutes, regulations, and DHS policy without sufficiently identifying themselves as law enforcement. *See, e.g.*, 8 U.S.C. § 1357; 8 C.F.R. § 287.8; CBP Directive No. 4510-026B.

They then conducted an arrest without probable cause that the Defendant intended to commit any assault, or to resist or impede anyone he believed was a federal law enforcement officer.

To the contrary, the evidence will demonstrate that the Defendant had no reasonable basis to believe they were in fact law enforcement officers. At best, the Defendant was merely fleeing from unidentified, masked, armed men who were pursuing him in a dangerous manner and rammed his vehicle.

The Defendant requests the right to brief this motion after developing a factual record at the evidentiary hearing.

Dated: March 6, 2026

**DORSEY & WHITNEY LLP**

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

Attorneys for Defendant